UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON COLEMAN,

    Plaintiff,

v.

Case No. 19-11552
Honorable Victoria A. Roberts
Mag. Judge R. Steven Whalen

DETROIT METROPOLITAN AIRPORT,
WAYNE COUNTY METRO AIRPORT PD,
CITY OF DETROIT, WAYNE COUNTY,
JOHN DOE 1 AND JOHN DOE 2,

    Defendants.
_____/

**ORDER:**

**(1)    GRANTING DEFENDANTS' MOTION TO DISMISS [ECF 11];**

**(2)    DISMISSING AS MOOT PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [ECF 24], DEFAULT SUMMARY JUDGMENT [ECF 25], WRIT OF MANDAMUS [ECF. 27], AND MOTION FOR SANCTIONS [ECF 37]; AND**

**(3)    DISMISSING ACTION.**
_____

### I.    INTRODUCTION/BACKGROUND

On July 10, 2018, officers took Vernon Coleman ("Coleman") into custody at the Detroit Metropolitan Airport passenger security checkpoint.

Coleman claims to have been detained for four days in solitary confinement in his complaint – although his brief in opposition to

Defendants' motion to dismiss states that he had been detained only three days. Among other things, Coleman alleges he received only a half sandwich a day while in custody. He claims that Defendants did not allow him to take a shower and denied him access to hygiene products.

At the time of his arrest, Coleman was on supervised release after pleading guilty to conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing cocaine. (*United States v. Coleman*, No. 1:07-CR-233 (N.D. Ga. Jan. 25, 2019) (ECF 804)). The court sentenced him on January 26, 2011 in the United States District Court for the Northern District of Georgia to 87 months in prison followed by 5 years supervised release.

As a direct result of these airport events on July 10,2018, the Northern District of Georgia revoked Coleman's supervised release and sentenced him to 24 months incarceration.[1] Coleman is a federal inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia. It does not appear that Coleman faced any state charges following events of July 10, 2018.

Before the Court is Coleman's *pro se* civil rights complaint alleging Defendants violated his First (denial of access to courts), Fifth and

---

[1] *See United States v. Coleman*, No. 1:07-CR-233 (N.D. Ga. Jan. 25, 2019). Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See *Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

Fourteenth (loss of liberty without due process), Eighth (cruel and unusual punishment), and Sixth (inability to defend himself) Amendment rights.

Defendants filed this motion to dismiss. The Court grants it. Coleman's complaint is **Dismissed With Prejudice** for failing to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*quoting Conley v. Gibson*, 335 U.S. 41, 47 (1957).

Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the

3

misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims." *Id.*

## III. ANALYSIS

### A. *Heck* Bars Some Of Coleman's Claims

Defendants contend that Coleman's First (denial of access to courts), Fifth and Fourteenth (loss of liberty without due process), and Sixth (access to lawyer to defend against charges) Amendment claims are barred by *Heck* because Coleman seeks money damages that call into question a conviction or sentence. Since Coleman says he sought counsel to defend against charges, presumably he challenges the revocation of his supervised release since he faced no other charges.

Coleman seeks injunctive, punitive, and monetary relief for alleged violations of constitutional rights related to his conviction. The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Coleman does not allege that either his conviction or sentence has been overturned or determined to be invalid. His complaint alleges that conditions surrounding his detention "violated his constitutional rights."

To the extent Coleman's complaint challenges the fact or duration of his incarceration, it must be dismissed. *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

Under *Heck*, a state prisoner may not file a §1983 suit for damages or equitable relief if a ruling on his claims would render a conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—regardless of the relief sought (damages, injunctive, equitable relief, etc.) and the target of the prisoner's suit—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Coleman does not state that his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. His claims are barred by *Heck*.

Because Coleman is challenging the fact or duration of his confinement, his challenge should have been brought as a petition for habeas corpus.

6

*See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strike rules of § 1915(g)).

Coleman cannot file claims that would undermine the validity of the court's order revoking his supervised release. With the exception of Coleman's Eighth Amendment claim, his claims are barred by *Heck*.

### B. Coleman Fails to State Claims For Which Relief Can Be Granted

Coleman must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" in pleading a violation of his constitutional rights. *Assoc. of Cleveland Fire Fighters,* 502 F.3d at 548 (citing *Twombly,* 127 S.Ct. at 1964-65). Prisoners are not entitled to relief on conclusory or speculative claims. *See Rodgers v. Hawley*, 14 Fed.Appx. 403, 409 (6th Cir. 2001).

Coleman's complaint does not identify how defendants allegedly violated his constitutional rights; his conclusory and ambiguous allegations are insufficient to state cognizable claims.

### 1. Coleman's First Amendment Claim – That Defendants Denied Him Access To the Courts – Is Without Merit

Coleman fails to allege a plausible claim that Defendants denied him access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 352-353 (1996). In his complaint, Coleman states only that Defendants denied him "access to courts." This is entirely conclusory.

The constitutional right to access the courts inquires into whether the state "provides th[e] prisoner with either the legal tools necessary to defend himself ... or the assistance of legally-trained personnel." *Holt v. Pitts,* 702 F.2d 639, 640 (6th Cir.1983) (citing *Moniz v. Cox*, 512 F. App'x 495, 498 (6th Cir. 2013). A prisoner's constitutional right of access to the courts "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F. 3d 378, 391 (6th Cir. 1999).

Coleman does not allege that Defendants hindered his pursuit of a direct criminal appeal, a petition for writ of habeas corpus, or a civil rights action to vindicate his basic constitutional rights. *Smith v. Campbell*, 113

Fed.Appx. 85, 87 (6th Cir. 2004). It is not clear from the face of the complaint or Coleman's responsive pleadings, what constitutional violation his complaint is concerned with.

Even if Coleman alleged interference with access to the courts, he does not demonstrate an "actual injury," nor allege that a state actor intentionally interfered with the pursuit of his legal claim. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). Coleman does not state how Defendants' actions directly affected his ability to bring a claim before any court. Nor does he specify the nature of legal action that he claims Defendants impeded by allegedly denying him access to the court.

Coleman fails to sufficiently plead this cause of action.

### 2. Defendants Did Not Deny Coleman Due Process Under the 5th and 14th Amendment

Coleman asserts Defendants denied him "liberty without due process" and violated his Fourteenth and Fifth Amendments. However, he fails to allege a cognizable claim for deprivation of liberty.

"The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause restricts only the actions of the federal government. *See generally Sturgell v. Creasy,* 640 F.2d 843, 850 (6th Cir.1981); *Walker v. Hughes,* 558 F.2d 1247, 1257 (6th Cir.1977)." *Scott v. Clay County,* Tenn. 205 F.3d 867, 873 (6th Cir.2000). Coleman does not allege any claims against federal officers. Therefore, Plaintiff's Fifth Amendment Due Process Clause is dismissed. *Id.*

To state a claim alleging the violation of a liberty interest, Coleman must state that he has a protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). The Due Process Clause is aimed at protecting no more than "the most basic liberty interests in prisoners," *Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), and it will not protect against "every change in the conditions of confinement having a substantial adverse impact" on inmates. *Sandin v. Conner,* 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Due process rights are narrowly drawn. Taking Coleman's allegations as true – and given that his detention lasted only three or four days – his

detention did not impose a significant hardship sufficient to require due process protections.

Even if Coleman alleged a plausible due process violation, *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983, *Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), unless the plaintiff shows "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Coleman does not allege any violation by an individual, nor does he allege that Defendants either encouraged the alleged acts of misconduct or participated in them.

Coleman is required to allege what rights Defendants violated and provide the "grounds" of his "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). He does not meet these pleading requirements and fails to properly state a due process violation against Defendants.

### 3. Defendants Did Not Violate Coleman's 6th Amendment Right to Counsel

To the extent that Coleman says Defendants violated his constitutional rights by denying him an opportunity to defend against the charges, he fails to state a claim.

The First Amendment guarantees "the right of people … to petition the Government for redress of grievance." U.S. Const. amend. I. However, Coleman's claims are purely conclusory. He states only that Defendants denied him (1) the opportunity to "defend against accusations" and (2) "attorney contact" during his brief detention. In his responsive pleadings, Coleman states that he "was totally barred from legal redress." These allegations fail to state how Defendants denied Coleman the right to defend against accusations and the right to counsel. His "bare bones" allegations are wholly insufficient to plead a violation of the 6th Amendment.

### 4. Coleman Fails To State A Claim For Cruel And Unusual Punishment Under The 8th Amendment

Coleman argues he suffered cruel and unusual punishment while detained, in violation of the Eighth Amendment. Specifically, Coleman alleges he was not provided a change of clothing, hygiene products, or bedding. He further alleges he received only a half sandwich each day and could not contact his family during his detention.

Coleman states that "people need to shower, brush their teeth, sleep on mattresses, have pillows." While the Eighth Amendment protects prisoners from the denial of the basic elements of hygiene, Coleman does not state a plausible Eighth Amendment violation for denial of hygiene products because his conditions were temporary and too remote to state a plausible claim. *Parrish v. Johnson,* 800 F.2d 600, 609 (6th Cir.1986); *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) ("[t]he chance of harm resulting from the temporary failure to provide personal hygiene items is too remote" to support an Eighth Amendment violation); *Adderly v. Ferrier*, 419 Fed.Appx. 135, 139 (3d Cir. 2011) (finding that a prisoner who was "deprived of clothing, toiletries, legal mail, a pillow, and a mattress, and was denied access to the law library and showers for seven days," did not suffer cruel and unusual punishment in violation of the Eighth Amendment); *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988) (concluding that a prisoner who was deprived of a pillow and tennis shoes did not suffer cruel and unusual punishment); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988) (inmate locked in a "filthy, roach-infested" cell and denied toilet paper for five days and soap, a toothbrush, and toothpaste for ten days, did not state an Eighth Amendment violation; "the conditions were temporary and affected only one inmate").

Next, Coleman alleges that Defendants violated his Eighth Amendment rights by not providing him enough food. Coleman alleges Defendants "should reasonably know 1/2 sandwich(es) a day for a 250 lb male is insufficient nutrition." However, this claim is not cognizable. *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982) (no Eighth Amendment violation when prisoner served only one meal a day for fifteen consecutive days). Coleman's complaint, as styled, is not cognizable under the Eighth Amendment.

Finally, Coleman asserts that Defendants did not allow him to speak with anyone during his brief detention. Coleman's conclusory allegation is not sufficient to state a claim. Prisoners have no absolute constitutional right to visitation. *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984); *Bazzetta v. McGinnis*, 902 F. Supp. 765, 771 (E.D. Mich. 1995) ("The Sixth Circuit has indicated that prohibiting visitation to prisoners does not violate the Eighth Amendment."); *Jackson v. Coyn*, No. 3:17-cv-P61-DJH, 2017 WL 2389400, at *4 (W.D. Ky. June 1, 2017) (plaintiff failed to state a constitutional violation based on a telephone restriction).

The Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison

confinement." *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir.1987).

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Coleman fails to allege plausible Eighth Amendment violations based upon a lack of hygiene products, visitation, and food.

### 5. Defendants Did Not Have a Policy Or Custom Causing Coleman's Injury

Even if Coleman had sufficiently alleged deliberate indifference against Defendants, his claims fail because the Defendants cannot be liable for individual employees' actions under a theory of *respondeat superior* or vicarious liability.

Coleman alleges that Defendants "acted jointly with the police to violated [sic] the rights of the plaintiff. The airport failed to supervise, monitor, train, or discipline it's [sic] police officers."

15

Coleman makes no allegations against any individuals. It is well settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under §1983; liability cannot be based upon a theory of *respondeat superior* or vicarious liability.

Moreover, Defendants can only be liable under §1983 when its policy or custom causes the injury. *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Starcher v. Corr. Med. Sys., Inc.*, 7 Fed.Appx. 459, 465 (6th Cir. 2001) ("liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights."). The policy or custom must cause the injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and allege that the particular injury occurred because of the execution of that policy. *Turner v. City of Taylor,* 412 F.3d 629, 639 (6th Cir.2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir.2003).

The Sixth Circuit stated:

Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Coleman does not allege facts that support the allegation that Defendants maintained a custom and/or policy of failing to supervise, train and discipline. *Rayford v. City of Toledo,* No. 86-3260, 1987 WL 36283, at *1 (6th Cir.1987); *see also Bilder v. City of Akron,* No. 92-4310, 1993 WL 394595, at *2 (6th Cir. 1993) (affirming dismissal of § 1983 action when allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

Coleman's claims are not supported in his complaint, and his responsive pleadings are insufficient as well. He says only that Defendants maintained a policy and custom of failing to supervise because the City of Detroit was a party in another lawsuit. This, too, fails to address the elements of a *Monell* claim.

Because Defendants are not liable under a theory of *respondeat superior*, Coleman's claims are dismissed. The Court need not reach the issue of governmental immunity.

### 6. Coleman Fails To Allege A State Law Claim For Premises Liability

Coleman alleges premises liability. He says Defendants failed to provide reasonably safe conditions.

Under Michigan law a plaintiff alleging a claim of negligence must allege Defendants: 1) owed a duty to the plaintiff, 2) breached that duty, 3) caused harm, and 4) damaged plaintiff. *Brown v. U.S.,* 583 F.3d 916, 920 (6th Cir.2009); (*citing Case v. Consumers Power Co.,* 463 Mich. 1, 6, 615 N.W.2d 17, 20 (2000). Coleman claims that Defendants "abandoned it's [*sic*] responsibility and duty to provide reasonably safe conditions." He does not allege how Defendants breached their duty or that any injury or harm resulted from the alleged breach. He fails to state a premises liability claim.

As important as this is, even if Coleman did state a claim, §1983 remedies violations of federal law, not state law. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F. 3d 567,574 (6th Cir.

2007). Coleman's claims concerning alleged violations of state law must be dismissed.

IV. **CONCLUSION**

For the reasons set forth, Defendants' Motion to Dismiss [ECF 11] is **GRANTED**. Coleman's claims are dismissed **WITH PREJUDICE**.

The Court dismisses Coleman's Motion for Default Judgment [ECF 24], Motion for Default Summary Judgment [ECF 25], Writ of Mandamus [ECF 31], Motion for Entry of Default Judgment [ECF 32] and Motion for Sanctions [ECF 37] as **MOOT**.

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: November 8, 2019